

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 23, 1947

Hon. Sam B. Hall
County Attorney
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. V-259

Re: The legal term times
of the Harrison County
Court, under the sub-
mitted facts

We refer to your letter of May 13, 1947 ad-
dressed to this Department which in part is as follows:

"In 1899 the County Commissioners'
Court of Harrison County, Texas, passed
an order fixing the terms of holding
county court in this county providing
that such terms might be held beginning
on the first Mondays in January, March,
May, July, September, November and ex-
tending eight weeks from such dates. No
other order since 1899 seems to have
been passed by such court until yester-
day, May 12, 1947, the Commissioners'
Court passed an order on the subject, a
copy of which is attached hereto.

"Recently pleas of guilty were ac-
cepted by the County Judge and penalties
assessed, one on April 10, 1947, and the
other on April 26, 1947. Motions for new
trial were filed in each of these cases
and granted by the court on other grounds,
but in each case the attorney represent-
ing the defendant asserted that the con-
victions were null and void because there
was no term of court under the law at the
times of the court accepting the pleas.
He served notice that he would continue to
raise the point until the issue was square-
ly joined, and we therefore request the op-
inion of your department as to whether the
pleas of guilty mentioned above were legal.
In other words, the attorney says that un-
til the Commissioners' Court passed a new
order, Harrison County was under the gener-
al provisions of the statutes and Constitu-
tion, and that Harrison County court was

only in legal term time for three weeks beginning on the first Monday in February, May, August and November. He further says he has doubt as to whether the present Commissioners' Court can do anything to rectify the situation until additional Legislative provision is made for Harrison County.

". . . .

"By virtue of Article 5, Section 22 of the Constitution which authorizes the Legislature to change the jurisdiction of county courts, the Legislature seems to have passed three acts making such changes. In 1911 the County Court was deprived of jurisdiction in civil cases by Acts of 1911, p. 95. (See Art. 1970-214, V. A. C. S.) In 1913, this law was amended somewhat by Acts of 1913, p. 103. By Section 7 of the 1913 act, it was provided 'The county commissioners' court of said county may hereafter fix the terms of said court whenever it may be deemed necessary.' (See Art. 1970-223, V.A.C.S.) Both the 1911 and 1913 Acts seem to have incorporated a general repealing clause: 'That all laws and parts of laws in conflict herewith be and the same are hereby repealed.' (Art. 1970-217, V.A.C.S.)

"In 1927 the 40th Legislature passed the following:

'Sec. 1. Hereafter the County Court of Harrison County, Texas, shall have the same jurisdiction and shall be subject to the same provisions as County Courts generally throughout the State, under the Constitution and General Laws of the State of Texas.'

"Section 2 of this Act conformed the jurisdiction of the District Court of Harrison County to the changes made in jurisdiction made in the County Court. Section 3 repealed all conflicting laws and parts of laws. This measure was effective March 16, 1927.

"It is asserted that under the reasoning of the Court of Criminal Appeals in the

case of <u>Smith v. State, 183 S. W. 2d,
175</u>, all judgments of conviction entered
in the Harrison County court on any day
not during the term of the court as fixed
by the Constitution and general statutes,
are void.

"You may readily see the importance
and gravity of the situation, and your
careful consideration and advice will be
very much appreciated."

That part of Section 29 of Article V of the
State Constitution pertinent here is as follows:

"* * * Until otherwise provided, the
terms of the County Court shall be held on
the first Monday in February, May, August
and November, and may remain in session
three weeks."

Pursuant to the above quoted provision of
the Constitution, Article 1962, V. C. S. was passed in
1885 and is as follows:

"The Commissioners court may, at a
regular term thereof, by an order enter-
ed upon its records, provide for more
terms of the county court for the trans-
action of civil, criminal and probate
business, and fix the times at which each
of the four terms required by the Consti-
tution, and the terms exceeding four, if
any, shall be held, not to exceed six an-
nually, and may fix the length of each
term. When the number of the terms of the
county court has been fixed, the court
shall not change the order before one year
from the date of entry of the original or-
der fixing such terms. (Acts 1885, p. 53)"

Article 1961, V. C. S. is as follows:

"The county court shall hold at
least four terms for both civil and crim-
inal business annually, and such other
terms each year as may be fixed by the
commissioners court. After having fixed

the times and number of the terms of a
county court, they shall not change the
same until the expiration of one year.
Until, or unless otherwise provided, the
term of the county court shall be held
on the first Monday in February, May,
August and November, and may remain in
session three weeks. (Const. Amendment
1883, art. 5, sec. 29)"

Article 586, C.C.P., provides that:

"Each county court shall hold a
term for criminal business on the first
Monday in every month, or at such other
time as may have been fixed in accord-
ance with law."

That part of Section 17 of Article V of the
State Constitution pertinent here is as follows:

"The County Court shall hold a
term for civil business at least once
in every two months, and shall dispose
of probate business, either in term
time or vacation as may be provided by
law, and said court shall hold a term
for criminal business once in every
month as may be provided by law. . ."

Insofar as the record reveals, the County
Court of Harrison County has never been divested of juris-
diction in criminal cases.

We know of no law which prohibits a term of
county court in criminal matters being different from the
term of court in civil cases. On the contrary, in view
of Article 586, C.C.P., and Section 17 of Art. V, supra,
it clearly indicates that there may be different terms in
county court for criminal and civil cases.

The case of Smith v. State, 183 S. W. (2d)
175, was one where the county court of Marion County had
been divested of jurisdiction in 1897 in criminal cases.
Jurisdiction in such cases was restored to the county
court in 1939, but the Commissioners' Court of said coun-
ty had never passed any order setting the terms of the
court subsequent to such restoration.

The court held that the only term of county court in Marion County was that set by Section 29 of Article V, supra, of the Constitution, which shall begin on the first Mondays in February, May, August and November, and may remain in session three weeks. The court held further that the plea of guilty having been made and judgment entered on June 24, 1944, was not during a term of court as fixed by the Constitution and the Legislature and therefore, having been entered while the court was in vacation, was void.

The facts in the instant cases are quite different from those in the Smith case. Here the County Court of Harrison County has never been divested of jurisdiction in criminal cases, and pursuant to the Constitution and the statutes, the Commissioners' Court of Harrison County provided in 1899 that the terms of county court might be held the first Mondays in January, March, May, July, September and November and extending eight weeks from such dates. Even though the County Court had been divested of civil matters and though the terms of county court in civil matters may have been changed, the terms of the county court of Harrison County for criminal cases remains as set by the Commissioners' Court until changed by that Court or by legislative action. This being true, the March term of court for Harrison County in criminal cases began on the first Monday in March and continued for eight weeks from such date.

Therefore, in view of the foregoing, you are respectfully advised that it is the opinion of this Department that the pleas of guilty entered on April 10th, 1947, and April 26th, 1947, were both had in term time, and therefore valid in this respect.

## SUMMARY

Since the Commissioners' Court of Harrison County in 1899 provided that the terms of County Court might be held the first Mondays in January, March, May, July, September and November, and extending eight weeks from such dates, and further, since the terms of said County Court have never been changed in

criminal cases, pleas of guilty entered on April 10th, 1947, and April 26th, 1947, were both had in term time; therefore valid in this respect. Art. 1962 V. C. S.; Art 586 C. C. P.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Bruce Allen

Bruce Allen
Assistant

BA:WB

APPROVED:

ATTORNEY GENERAL